**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Petitioner-Appellee,

v.                                                                          No. 97-6177

PHILIP A. HOLMAN,
Respondent-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-96-932-5-BO2)

Submitted: September 23, 1997

Decided: October 14, 1997

Before WILKINS, MICHAEL, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William A. Webb, Federal Public Defender, G. Alan DuBois, Assis-
tant Federal Public Defender, Raleigh, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Barbara D. Kocher, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Philip Holman, a federal prisoner, seeks review of a district court order adopting the magistrate judge's recommendation to grant the Government's motion to involuntarily commit him under 18 U.S.C. § 4245 (1994), based on a finding that he suffers from a mental disease or defect for which he is in need of custody for care or treatment in a suitable facility. There is no dispute that Holman suffers from a requisite mental disease or defect. Dr. Herbel, Holman's treating psychiatrist, has diagnosed Holman as suffering from a schizoaffective, bipolar disorder. Dr. Royal, a court-appointed psychiatrist, diagnosed a manic depressive disorder with paranoia. Holman contends, however, that the purpose of his involuntary commitment is to forcibly medicate him, and that involuntary medication is premature in this case because the record does not demonstrate that his doctors made any meaningful attempts to persuade him to take his medication voluntarily, and because he is not in urgent need of the psychotropic medications his doctors plan to give him, inasmuch as he is not a danger to himself or others.

The district court properly grants a § 4245 motion if the Government proves by a preponderance of the evidence that the inmate currently suffers from a mental disease or defect requiring "custody for care or treatment in a suitable facility." United States v. Baker, 45 F.3d 837, 840 (4th Cir. 1995). The district court's determination of this issue is one of fact which is reviewed by the appellate court under a clearly erroneous standard. See United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990). A finding is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." Falcouner v. Commissioner, 748 F.2d 890, 895 (4th Cir. 1984).

The record demonstrates that Holman has been transferred several times between Butner and other federal correctional facilities since

2

his incarceration on drug and firearms charges in 1993. Generally, whenever the symptoms associated with his manic psychosis worsen, he is referred to Butner. Officials at Butner have permitted Holman to reside in the general population of the Mental Health Division, except when symptoms became particularly pronounced and, on two occasions, when he was involved in physical altercations with other inmates. On these occasions, he was placed in the seclusion unit. Among the symptoms Holman has exhibited are: disruptive behavior, verbal harassment of staff, attempts to pull staff through the food slot of his cell, excessive fasting (eating no food and drinking only water for one week), refusing medication, excessive religiosity, paranoia, assaultive behavior, pressured and tangential speech, episodes of barking like a dog, and beliefs that he is one of the four beasts of the book of Revelation, Jesus, or "alpha and omega."

Historically, Holman accepted psychotropic medication voluntarily, and his symptoms always improved. In October 1996, however, after Holman experienced a recurrence of symptoms and his physician told him that the dosage of his medication would have to be increased, Holman responded that he would not take the medication, and accused his physician of racial harassment. His symptoms apparently recurred because he had been spitting out his medication. Following his refusal to take his medication in late October, Holman was placed in the seclusion unit, and, according to a report submitted by his psychiatrist and a staff psychologist at Butner, became "increasingly illogical and delusional." The physicians opined that "[b]ased upon the pattern of his previous psychotic episodes, we anticipate that his mental status will continue to decompensate without psychotropic medication."

It is unclear what measures Holman would require of his physicians to attempt to persuade him to take his medication voluntarily. In any event, however, the statute does not require, as Holman intimates, that the inmate's treating physicians demonstrate that they have exhausted all reasonable measures to persuade the inmate to take his medication voluntarily before they may resort to a § 4245 motion. Moreover, the record belies Holman's contention that forcible medication was unnecessary because Holman presented no danger to himself or others. Holman was involved in two assaults on other inmates, and engaged in assaultive behavior with hospital staff. Although he

3

claimed that his fasting was related to religious worship and a desire to lose weight for health reasons, his physician opined that his fasting was excessive, and noted that his loss of twenty pounds was inconsistent with his attempt, within the same general time frame, to gain weight by lifting weights. While Holman also complains that his refusal to take his medication is reasonable due to unpleasant side effects (tremors), the record indicates that he only suffered these effects while housed at another institution taking a different form of his medication.

Accordingly, we find that the record amply supports the district court's determination that Holman suffers from a mental disease for which he requires custody for care or treatment in a suitable facility. The district court's order granting the Government's § 4245 motion is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4